USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/20/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

MIGUEL GUERRERO,                                  :
                                                  :
                          Petitioner,             :
                                                  :          1:15-CV-7282-GHW
                                                  :
            -v-                                   :
                                                  :          1:07-CR-0248-GHW
                                                  :
UNITED STATES OF AMERICA,                         :
                                                  :          MEMORANDUM OPINION AND
                          Respondent.             :                  ORDER
------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

On August 13, 2009, after a seven-day trial in federal court, a jury found Miguel Guerrero

guilty of conspiracy to distribute and possess with the intent to distribute at least five kilograms of

cocaine. He was sentenced to 240 months imprisonment with a five-year term of supervised

release—a sentence substantially below the Sentencing Guidelines range. In 2013, the Second Circuit

affirmed his conviction. Mr. Guerrero, currently incarcerated at FCI Allenwood Low and

proceeding *pro se*, now seeks to collaterally challenge his conviction and sentence pursuant to 28

U.S.C. § 2255 on numerous grounds, including ineffective assistance of counsel at various stages of

the proceedings, alleged error by the district court, and the alleged invalidity of his conviction. For

the reasons set forth below, Mr. Guerrero's motion is DENIED without a hearing.

## I.    BACKGROUND

Mr. Guerrero was arrested on the basis of a complaint filed on February 7, 2007. Dkt. No.

1.[1] On March 30, 2017, an indictment was filed, charging Mr. Guerrero with one count of

conspiracy to distribute and possess with intent to distribute at least five kilograms of cocaine, in

violation of 21 U.S.C. § 846. Dkt. No. 7. On April 11, 2007, a superseding indictment was filed,

---

[1] All references to "Dkt." in this opinion and order are to *United States v. Guerrero, et al.*, No. 07-cr-248. All references to "Tr." are to the trial transcript in the same matter. All references to "Sentencing Tr." are to the sentencing transcript in the same matter. All references to "Appeal Dkt." are to Mr. Guerrero's appeal, captioned *United States v. Guerrero*, No. 12-1172. All references to "Civ. Dkt." are to *Guerrero v. United States*, No. 15-cv-7282.

charging Mr. Guerrero and three co-conspirators (Reuben Alvarez, Alfred Glover, and Douglas Bond) with conspiracy to distribute and possess with intent to distribute at least five kilograms of cocaine and at least fifty grams of cocaine base, *i.e.*, crack. Dkt. No. 10. On May 18, 2007, a second superseding indictment was filed, adding a fifth co-conspirator (Marcus Glover). Dkt. No. 27. Finally, on August 15, 2007, a third superseding indictment was filed (the "Indictment"), adding a sixth co-conspirator (Victor Tavarez). Dkt. No. 31.

On November 19, 2008, Mr. Guerrero's trial counsel ("Trial Counsel") filed a motion to suppress certain physical evidence and voice identification testimony. Dkt. No. 77. The motion sought the suppression on Fourth Amendment grounds of a variety of evidence that had been seized from Mr. Guerrero's vehicle, his person, and his home. Dkt. No. 82. The motion also sought the suppression of testimony concerning the identification of Mr. Guerrero's voice, arguing that any such testimony would be the result of an "unnecessarily suggestive voice show-up." *Id.* at 4. Trial counsel subsequently expanded the scope of the motion to also include the voluntariness of written consent that Mr. Guerrero had given to the search and downloading of his cell phones. Dkt. No. 100. After a hearing, Judge Richard J. Holwell denied Mr. Guerrero's suppression motion. Dkt. No. 117.[2]

After a seven-day trial held from August 5, 2009 to August 13, 2009, the jury returned a verdict, finding Mr. Guerrero guilty on the sole count of the Indictment.[3] On November 17, 2009, Mr. Guerrero filed a *pro se* letter requesting a new trial; the letter was formally adopted by counsel appointed to represent him during post-conviction proceedings ("Sentencing Counsel"). Dkt. No. 135. Judge Holwell denied the motion by order dated February 18, 2010. Dkt. No. 140.

---

[2] Judge Holwell resigned from the bench in 2012, after presiding over Mr. Guerrero's trial, certain post-conviction motions, and sentencing. Mr. Guerrero's criminal case was reassigned to this Court on June 10, 2015, after he filed a motion for modification or reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2).

[3] At trial, the Government proceeded only on the allegation that Mr. Guerrero had participated in a conspiracy to distribute and possess with intent to distribute at least five kilograms of cocaine.

The United States Probation Office prepared a Pre-Sentence Investigation Report ("PSR") concerning Mr. Guerrero and filed the final version of the PSR on January 22, 2010. The PSR calculated Mr. Guerrero's Sentencing Guidelines range as 360 months to life imprisonment, with a mandatory minimum of 120 months' imprisonment. PSR at 18. The PSR recommended a sentence of 360 months' imprisonment to be followed by a five-year term of supervised release. *Id.* The addendum to the PSR noted that neither the Government nor defense counsel had any objections. PSR at 17.

After a series of adjournments due in part to Sentencing Counsel's requests for the appointment of an expert neurologist, Mr. Guerrero's Sentencing Counsel filed a sentencing memorandum on January 30, 2012. Dkt. No. 153. The memorandum, which included numerous exhibits, argued for a downward departure or variance from the applicable Guidelines range, primarily on the ground that Mr. Guerrero suffered from an "extraordinary physical impairment." *Id.* The Government's sentencing memorandum argued for a sentence within the Guidelines range, highlighting, in particular, that Mr. Guerrero had been proven at trial to be responsible for distributing more than 2,000 kilograms of cocaine, and that he had engaged in this conduct over a period of several years. Dkt. No. 154.

Mr. Guerrero's sentencing was held on February 6, 2012. At sentencing, Mr. Guerrero's Sentencing Counsel objected to one factual statement contained in the PSR (that Mr. Guerrero had been arrested in 2000 in possession of a handgun), but both Sentencing Counsel and the Government otherwise assented to the facts contained in the PSR. Sentencing Tr. at 3. Judge Holwell adopted the factual recitations contained in the PSR and noted that the PSR "correctly calculates the Sentencing Guideline range as 360 months in prison to life, based on a total offense level of 42 and a criminal history category of I. There is, in addition, a mandatory minimum sentence of 120 months in prison." *Id.* 22:14-19. However, Judge Holwell imposed a below-

Guidelines sentence of 240 months' imprisonment to be followed by a five-year term of supervised release. Dkt. No. 157; Sentencing Tr. 23:10-17; 24:15. Although Judge Holwell denied Sentencing Counsel's request for a downward departure on medical grounds, he took Mr. Guerrero's medical condition into account in imposing a below-Guidelines sentence. Sentencing Tr. 22:24-25, 25:23-26:4. Judge Holwell also considered that Mr. Guerrero had had no previous serious offenses or history of violence, that he had strong family support, and that he was likely to be deported after serving his sentence. *Id.* 26:5-22.

Mr. Guerrero filed a notice of appeal on March 23, 2012. Dkt. No. 158. On July 24, 2012, the Second Circuit appointed new counsel ("Appellate Counsel") to represent Mr. Guerrero on his appeal. Appeal Dkt. No. 22. Appellate Counsel raised two issues on appeal: (1) that Mr. Guerrero was denied his statutory and constitutional rights to a speedy trial, and (2) that the District Court abused its discretion in admitting evidence that (a) Mr. Guerrero had been shot in 2006 while transporting cocaine from Atlanta to New York and (b) he had been arrested in 2002 while driving a car with crystal methamphetamine in a hidden compartment. Appeal Dkt. No. 35. On October 21, 2013, the Second Circuit entered a summary order affirming Mr. Guerrero's conviction. *United States v. Guerrero*, 541 F. App'x 80 (2d Cir. 2013). Mr. Guerrero did not petition the United States Supreme Court for a writ of certiorari.

On September 9, 2015, after having been granted two extensions by then-Chief Judge Loretta A. Preska, Mr. Guerrero filed this motion pursuant to 28 U.S.C. § 2255. Dkt. No. 183; Civ. Dkt. No. 1 ("Mot.").[4] As ordered by the Court, the Government filed a memorandum in opposition

---

[4] Section 2255 motions are subject to a one-year limitations period. 28 U.S.C. § 2255(f). The Second Circuit has held that a district court lacks jurisdiction to grant an extension of that limitations period before the filing of an actual § 2255 motion because, prior to such filing, "there is no case or controversy to be heard." *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) (per curiam); *see also Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001) ("[A] district court may grant an extension of time to file a motion pursuant to section 2255 only if (1) the moving party requests the extension upon or after filing an actual section 2255 motion, and (2) 'rare and exceptional' circumstances warrant equitably tolling the limitations period."). The Government does not contest the timeliness of Mr. Guerrero's motion. Therefore, any statute of limitations defense, including any argument that the extensions granted to Mr. Guerrero were ineffective, is

4

to Mr. Guerrero's motion on January 6, 2016.  Dkt. No. 195.  Mr. Guerrero filed a reply on January

28, 2016.  Civ. Dkt. No. 10.[5]

## II.    LEGAL STANDARD

### A.  Standard for Relief Pursuant to 28 U.S.C. § 2255

Mr. Guerrero's right to collateral relief is governed by Section 2255, which provides:

> A prisoner in custody under sentence of a court established by an Act of
> Congress claiming the right to be released upon the ground that the sentence was
> imposed in violation of the Constitution or laws of the United States, or that the
> court was without jurisdiction to impose such sentence, or that the sentence was
> in excess of the maximum authorized by law, or is otherwise subject to collateral
> attack, may move the court which imposed the sentence to vacate, set aside or
> correct the sentence.

28 U.S.C. § 2255(a).  Relief under § 2255 is generally available "only for a constitutional error, a lack

of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental

defect which inherently results in a complete miscarriage of justice.'"  *Cuoco v. United States*, 208 F.3d

27, 29 (2d Cir. 2000) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).  Although § 2255, by its

terms, provides grounds for attacking "the sentence," the term "sentence" has been interpreted as a

---

waived.  *See Green*, 260 F.3d at 82, 85 (stating that the one-year limitations period in § 2255 is not a jurisdictional bar, but is rather a statute of limitations subject to equitable tolling and waiver).

[5] In his reply, Mr. Guerrero raised several arguments as to why the United States District Court for the Southern District of New York purportedly lacked jurisdiction over his case.  For example, he argues that "[t]he Court denied Guerrero the Right in the Constitution to have the instant controversy heard and decided by a Federal trial court of Special Jurisdiction" and that "[t]he United States District Courts are not courts ordained under Article III but ordained under Article IV, Section III of which they look like regular constitutional courts but they are incapable of protecting constitutional rights such as due process."  Dkt. No. 10 at 10-11.  He also asserts:  "It is undisputable that Guerrero was never given any PROOF OF CLAIM by [the Government] that [it] possessed certified copies of the cession of jurisdiction from the State of New York legislature, the Governor's Signature, and Title and Ownership of the territory where the alleged case took place."  *Id.* at 13.  To the extent that Mr. Guerrero seeks to argue that the United States District Court lacked jurisdiction over his criminal case or his collateral review, or that it was not the appropriate venue, he is wrong.  The federal district courts are the proper courts to preside over both federal criminal cases and subsequent actions for collateral review.  Article III of the United States Constitution vests in federal courts the power to adjudicate "all cases . . . arising under . . . the laws of the United States," U.S. Const. art. III, § 2, and Congress has conferred on the federal district courts "original jurisdiction . . . of all offenses against the laws of the United States."  18 U.S.C. § 3231.  Because the Indictment charged Mr. Guerrero with violations of federal criminal statutes, his case was within the jurisdiction of the district courts.  And Mr. Guerrero was charged with and found guilty of a criminal conspiracy that took place in the Southern District of New York and elsewhere, making this particular district court appropriate.  *See* Fed. R. Crim. P. 18.  Finally, Congress has specifically required that this § 2255 motion be adjudicated by "the court which imposed the sentence" (here, the United States District Court for the Southern District of New York).  28 U.S.C. § 2255(a).

generic term encompassing all of the proceedings leading up to the sentence, including the conviction. *See United States v. Payne*, 644 F.3d 1111, 1113 n.2 (10th Cir. 2011); *Thomas v. United States*, 368 F.2d 941, 945-46 (5th Cir. 1966); *Kyle v. United States*, 297 F.2d 507, 511 n.1 (2d Cir. 1961) ("Section 2255 is not limited to cases where the sentence was imposed 'in violation of the Constitution or laws of the United States' but includes the more general phrase 'or is otherwise subject to collateral attack,' the boundaries of which have not been defined, save, of course, that 'mere error' is not enough.").

"Because requests for habeas corpus relief are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." *Ciak v. United States*, 59 F.3d 296, 301 (2d Cir. 1995), *abrogated on other grounds by Mickens v. Taylor*, 535 U.S. 162 (2002). "[A]n error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *United States v. Frady*, 456 U.S. 152, 165 (1982). Even constitutional errors will not be redressed through a § 2255 petition unless they have had a "substantial and injurious effect" that results in "actual prejudice" to the petitioner. *Brecht v. Abrahamson*, 507 U.S. 619, 623, 637 (1993) (citations omitted); *Underwood v. United States*, 166 F.3d 84, 87 (2d Cir. 1999) (applying *Brecht*'s harmless-error standard to § 2255 petition).

Section 2255 "may not be used as a substitute for direct appeal." *Marone v. United States*, 10 F.3d 65, 67 (2d Cir. 1993) (citing *Frady*, 456 U.S. at 165). Thus, "[i]n general, a claim may not be presented in a habeas petition where the petitioner failed to properly raise the claim on direct review." *Zhang v. United States*, 506 F.3d 162, 166 (2d Cir. 2007) (citation omitted). That rule does not generally apply, however, to claims of ineffective assistance of counsel. *See Mui v. United States*, 614 F.3d 50, 54 (2d Cir. 2010) ("[A] petitioner may bring an ineffective assistance of counsel claim [in a § 2255 motion] whether or not the petitioner could have raised the claim on direct appeal."

(citing *Massaro v. United States*, 538 U.S. 500, 509 (2003))).  If a claim other than one for ineffective of

assistance of counsel has not been presented on direct review, "the procedural default bar may be

overcome only where the petitioner establishes either (1) 'cause' for the failure to bring a direct

appeal and 'actual prejudice' from the alleged violations; or (2) 'actual innocence.'"  *Zhang*, 506 F.3d

at 166 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).  "To satisfy the 'cause' requirement,

the petitioner must show circumstances external to the petitioner, something that cannot be fairly

attributed to him."  *Id.* (internal quotation marks and citation omitted).  "[A]ttorney ignorance or

inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act,

in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error.'"  *Marone*, 10

F.3d at 67 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  Attorney error can be "cause" only

if it constitutes ineffective assistance of counsel in violation of the Sixth Amendment.  *Coleman v.

Thompson*, 501 U.S. 722, 753-54 (1991).

Because he is proceeding *pro se*, the Court must liberally construe Mr. Guerrero's

submissions and interpret them "to raise the strongest arguments that they *suggest*."  *Triestman v. Fed.

Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis in original); *see also, e.g.*, *Erickson v.

Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed.") (internal

quotation marks and citation omitted); *Petrucelli v. United States*, Nos. 14-cv-9310, 02-cr-99, 2015 WL

5439356, at *2 (S.D.N.Y. Sept. 15, 2015) (applying the liberal *Erickson* standard for *pro se* parties in

the context of a § 2255 motion).  However, although afforded liberal treatment, a *pro se* litigant is not

exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470

F.3d at 477 (citing *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

### B.  When an Evidentiary Hearing is Required

Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings for the United

States District Courts, if a § 2255 motion is not dismissed on preliminary review, "the judge must

review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Section 2255(b) requires a district court to hold an evidentiary hearing on a petitioner's claims "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also McLean v. United States*, Nos. 12-cv-1954, 12-cv-7362, 12-cv-7559, 08-cr-789 (RJS), 2016 WL 3910664, at *8 (S.D.N.Y. July 31, 2016) ("[A] hearing is not required 'where the allegations are insufficient in law, undisputed, immaterial, vague, palpably false or patently frivolous.'" (quoting *United States v. Malcolm*, 432 F.2d 809, 812 (2d Cir. 1970))).

"To warrant a hearing, the motion must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle [the petitioner] to relief." *Gonzalez v. United States*, 722 F.3d 118, 131 (2d Cir. 2013) (citations omitted). "Airy generalities, conclusory assertions and hearsay statements will not suffice . . . ." *Haouari v. United States*, 510 F.3d 350, 354 (2d Cir. 2007) (quoting *United States v. Aiello*, 814 F.2d 109, 113 (2d Cir. 1987)). Nor will allegations that are "vague, conclusory, or palpably incredible." *Gonzalez*, 722 F.3d at 130. As the Second Circuit has explained:

> The procedure for determining whether a hearing is necessary is in part analogous to . . . a summary judgment proceeding. The petitioner's motion sets forth his or her legal and factual claims, accompanied by relevant exhibits: e.g., an affidavit from the petitioner or others asserting relevant facts within their personal knowledge and/or identifying other sources of relevant evidence. The district court reviews those materials and relevant portions of the record in the underlying criminal proceeding. The Court then determines whether, viewing the evidentiary proffers, where credible, and record in the light most favorable to the petitioner, the petitioner, who has the burden, may be able to establish at a hearing a *prima facie* case for relief. If material facts are in dispute, a hearing should usually be held, and relevant findings of fact made.

*Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009) (internal citations omitted). However, "a district court need not assume the credibility of factual assertions, as it would in civil case, where the assertions are contradicted by the record in the underlying proceeding." *Id.* at 214.

To warrant a hearing on an ineffective assistance of counsel claim, "the defendant need establish only that he has a 'plausible' claim of ineffective assistance of counsel, not that 'he will necessarily succeed on the claim.'" *Id.* at 213 (quoting *Armienti v. United States*, 234 F.3d 820, 823 (2d Cir. 2000)).

## III. DISCUSSION

As noted, the Court is obligated to construe Mr. Guerrero's § 2255 motion liberally. Having done so, the Court construes his motion to claim that (1) counsel at the trial, sentencing, and appellate levels were constitutionally ineffective; (2) Judge Holwell erred in allowing certain evidence to be admitted at trial; (3) the Government engaged in prosecutorial misconduct by presenting knowingly false testimony at trial; and (4) Mr. Guerrero's conviction is "void" because the Government did not prove all of the requisite elements of the offense of which he was convicted.

### A. Ineffective Assistance of Counsel

"A defendant in criminal proceedings has a right under the Sixth Amendment to effective assistance from his attorney at all critical stages in the proceedings . . . ." *Gonzalez*, 722 F.3d at 130. To establish a claim of ineffective assistance of counsel, a petitioner must show that (1) "counsel's representation fell below an objective standard of reasonableness" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "The *Strickland* standard is rigorous, and the great majority of habeas petitions that allege constitutionally ineffective counsel founder on that standard." *Lindstadt v. Keane*, 239 F.3d 191, 199 (2d Cir. 2001); *see also United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004) ("A defendant seeking to overturn a conviction on the ground of ineffective assistance of counsel bears a heavy burden.").

Under the first prong of *Strickland*, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at

689; *see also id.* ("Judicial scrutiny of counsel's performance must be highly deferential."). The petitioner has the burden of overcoming this presumption by proving "that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986); *Strickland*, 466 U.S. at 689 ("[T]he defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." (internal quotation marks and citation omitted)). In considering whether counsel "failed to exercise the skills and diligence that a reasonably competent attorney would provide under similar circumstances," *Boria v. Keane*, 99 F.3d 492, 496 (2d Cir. 1996) (emphasis omitted), the Court looks to the totality of the record and must make "every effort . . . to eliminate the distorting effects of hindsight," *Strickland*, 466 U.S. at 688-89.

Under the second prong, the petitioner must demonstrate that the ineffective assistance prejudiced the defense, which means showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome," *id.*, including "the overall integrity of the proceeding," *Santiago-Diaz v. United States*, 299 F. Supp. 2d 293, 300 (S.D.N.Y. 2004). As the Second Circuit has explained:

> An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. To merit habeas relief, the defendant must show that the deficient performance prejudiced the defense. The level of prejudice the defendant need demonstrate lies between prejudice that had some conceivable effect and prejudice that more likely than not altered the outcome in the case. Thus the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

*Lindstadt*, 239 F.3d at 204 (alterations in original) (internal quotation marks and citations omitted); *see also Aparicio v. Artuz*, 269 F.3d 78, 95 (2d Cir. 2001) (citing *Strickland*, 466 U.S. at 694). Although a petitioner must satisfy both the performance and the prejudice prongs of the *Strickland* test in order to prevail on a claim of ineffective assistance of counsel, the Supreme Court has made clear that

"there is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

Here, Mr. Guerrero alleges ineffective assistance of counsel at various critical stages of his representation. The Court will address Petitioner's allegations against Trial, Sentencing, and Appellate Counsel in turn.

### 1. Ineffective Assistance of Trial Counsel

#### a. Failure to Move to Inspect Grand Jury Minutes

Mr. Guerrero claims that Trial Counsel was constitutionally ineffective in failing to file a motion to inspect the minutes of grand jury testimony by Victor Tavarez—a co-defendant who testified against Mr. Guerrero pursuant to a cooperation agreement with the Government. Mot. at 6-7. He appears to argue that Trial Counsel should have done so for the purpose of revealing prosecutorial misconduct that might warrant dismissal of the Indictment; namely, the presentation of "misleading and deceptive evidence" to the grand jury. Mot. at 7. This claim fails on both prongs of the *Strickland* test.

While grand jury minutes are generally subject to a secrecy requirement, a court *may* authorize disclosure "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). "But first, the defendant must satisfy a heavy burden of showing that 'compelling necessity' outweighs countervailing public policy in order to disturb the presumption of the 'indispensable secrecy of grand jury proceedings.'" *United States v. Barret*, 824 F. Supp. 2d 419, 446 (E.D.N.Y. 2011) (quoting *United States v. Procter & Gamble Co.,* 356 U.S. 677, 682 (1958)). Courts in the Second Circuit have long held that "[a] review of grand jury minutes is rarely permitted without *specific* factual allegations of government misconduct." *United States v. Torres*, 901 F.2d 205, 233 (2d Cir. 1990),

*abrogated on other grounds by United States v. Marcus*, 628 F.3d 36, 41 (2d Cir. 2010) (emphasis added); *see also United States v. Leung*, 40 F.3d 577, 582 (2d Cir. 1994) ("A review of grand jury minutes should not be permitted without concrete allegations of Government misconduct."). "To obtain disclosure of grand jury materials, a defendant must demonstrate a 'particularized need' for the materials." *United States v. Ordaz-Gallardo*, 520 F. Supp. 2d 516, 519 (S.D.N.Y. 2007) (citing *United States v. Moten*, 582 F.2d 654, 662 (2d Cir. 1978)).

Mr. Guerrero contends that "[a]vailable evidence in this case indicates that disclosure of the grand jury minutes *may* reveal the presentation of misleading or deceptive evidence that would warrant dismissal of this Indictment." Mot. at 7 (emphasis added). He offers no tangible support for this contention, however, other than unsubstantiated allegations that Tavarez lied under oath at trial. *Id.* Such "undetailed and unsubstantiated assertions . . . have consistently been held insufficient to satisfy either *Strickland* prong." *Polanco v. United States*, Nos. 99-cv-5739, 94-cr-453 (CSH), 2000 WL 1072303, at *10 (S.D.N.Y. Aug. 3, 2000) (citing cases); *see also Ordaz-Gallardo*, 520 F. Supp. 2d at 519 (denying disclosure of grand jury minutes based on mere speculation); *United States v. Dunn*, No. 05-cr-127 (KMK), 2005 WL 1705303, at *3 (S.D.N.Y. July 19, 2005) (citing cases holding that mere speculation and general allegations are insufficient to show the "particularized need" required for disclosure of grand jury proceedings). And even if those allegations were true, they say nothing about the Government's conduct before the grand jury. Because Mr. Guerrero has provided no reason for the Court to conclude that there was Government misconduct and that his Trial Counsel should have been aware of it such that a motion to inspect the grand jury minutes might have been meritorious, he has failed to show that Trial Counsel's performance was constitutionally defective.

Even if Trial Counsel's performance were defective and even if the grand jury minutes would have revealed evidence of prosecutorial misconduct, there would be no prejudice within the

meaning of *Strickland*, and any such defect would be harmless error, because Mr. Guerrero was subsequently convicted by a petit jury. *See Dickens v. Filion*, No. 02-cv-3450, 2002 WL 31477701, at *11 (S.D.N.Y. Nov. 6, 2002) ("A jury conviction transforms any defect connected with the grand jury's charging decision into harmless error, because the trial conviction establishes probable cause to indict and also proof of guilt beyond a reasonable doubt." (citing *United States v. Mechanik*, 475 U.S. 66, 68 (1986))); *cf. United States v. Carneglia*, – F. App'x –, 2017 WL 421922, at *1 (2d Cir. Jan. 31, 2017) ("Even if the grand jury material revealed prosecutorial misconduct, it would be harmless: a petit jury determined that the conspiracy charge was within the limitations period." (citing *Lopez v. Riley*, 865 F.2d 30, 32-33 (2d Cir. 1989))).[6]

### b. Failure to Request Tavarez's Prior Statements

Mr. Guerrero also appears to claim that Trial Counsel was constitutionally ineffective in failing to request statements that Victor Tavarez made to federal agents at the time of his arrest and to the grand jury. Mot. at 6. The Court construes Mr. Guerrero's motion to argue that Trial Counsel failed to make a motion pursuant to Federal Rule of Criminal Procedure 26.2(a) and 18 U.S.C. § 3500(b) and observes that it is the usual practice in this district, notwithstanding the procedure set forth in Rule 26.2(a) and § 3500, for the Government to voluntarily produce witness statements at some point prior to trial. Such a voluntary production eliminates, as a practical matter, the need for counsel to make a motion in the midst of trial. Because this Court did not preside over Mr. Guerrero's trial, and the trial took place nearly eight years ago, this Court lacks access to the records necessary to determine conclusively whether the Government voluntarily produced Rule

---

[6] In rare instances, a court may dismiss an indictment, even after a petit jury has found a defendant guilty beyond a reasonable doubt, solely for the purpose of deterring prosecutorial misconduct. *United States v. Bari*, 750 F.2d 1169, 1176 (2d Cir. 1984); *United States v. Hogan*, 712 F.2d 757, 758 (2d Cir. 1983). Because Mr. Guerrero has provided no concrete reason to believe that the prosecution engaged in misconduct before the grand jury, he has necessarily also failed to show that any prosecutorial misconduct was so egregious that such a remedy would have been appropriate. *See Magassouba v. United States*, No. 12-cv-4337, 03-cr-985 (RPP), 2013 WL 5780767, at *8 (S.D.N.Y. Oct. 25, 2013) ("Magassouba also argues, in his initial habeas petition, that prosecutorial misconduct prejudiced his case. . . . These arguments are meritless, however, because they are not supported by citation to any evidence in the record.").

26.2 and § 3500 material. The Court notes, however, that the Government states in its response to Mr. Guerrero's § 2255 motion that it "produced all statements which Guerrero was entitled to review." Dkt. No. 195 ("Answer") at 10. Mr. Guerrero does not assert that the materials were not voluntarily disclosed without need for a motion by counsel, nor does he address that possibility.

In any event, the Court need not ascertain whether Trial Counsel failed to take necessary steps to obtain prior statements by Tavarez that were not disclosed by the Government, because Mr. Guerrero's claim would fail on the "prejudice" prong of *Strickland. See Strickland*, 466 U.S. at 697 ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."). Even assuming that trial proceeded without the benefit of statements that were discoverable pursuant to Rule 26.2(a) and § 3500, Trial Counsel cross-examined Tavarez for several hours over the course of two trial days and further attacked Tavarez's credibility during summation. Tr. 287-307, 325-58, 369-78, 575, 585-89. And, as the Second Circuit stated in affirming Mr. Guerrero's conviction, the Government's case against him was "indisputably strong." *United States v. Guerrero*, 541 F. App'x at 87. In addition to Tavarez's testimony about Mr. Guerrero's participation in the conspiracy, the jury heard several recorded conversations between Mr. Guerrero and his co-conspirators and was presented with other evidence that either substantiated Tavarez's testimony or was incriminating in its own right. *See id.* at 85-87; Tr. 34-89, 381-407. Given Trial Counsel's extensive impeachment efforts and the considerable array of corroborating and additional evidence presented by the Government, the Court cannot conclude that there is a "reasonable probability" that the presence or absence of Tavarez's prior statements would have changed the outcome of Mr. Guerrero's trial, much less that it resulted in "actual prejudice" to Mr. Guerrero. *See*

*Brecht*, 507 U.S. at 637.[7]

### c. Failure to Adequately Investigate

Mr. Guerrero further argues that Trial Counsel was ineffective in failing to fully investigate certain facts necessary to adequately cross-examine Tavarez. Mot. at 9. Specifically, he alleges that Trial Counsel "did not investigate all the facts concerning" an incident that took place in New Rochelle and about which Tavarez testified. *Id.* The analysis for ineffective assistance of counsel arising from an alleged failure to investigate facts necessary to adequately impeach a witness on cross examination is considered under the familiar *Strickland* standard. *See, e.g.*, *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (applying *Strickland* to claims of ineffective assistance of counsel as a result of a failure to investigate mitigating evidence). Therefore, Mr. Guerrero must show both that Trial Counsel's actions fell below an objective standard of reasonableness in light of prevailing professional norms, and that Mr. Guerrero was prejudiced as a result of Trial Counsel's allegedly inadequate investigation. *See id.* at 521.

In assessing prejudice arising from an alleged failure to investigate, courts must consider "*all* the relevant evidence that the jury would have had before it." *Wong v. Belmontes*, 558 U.S. 15, 20 (2009). Furthermore, "to successfully assert an ineffective assistance of counsel claim based on a failure to investigate, a petitioner must do more than make vague, conclusory, or speculative claims as to what evidence could have been produced by further investigation." *United States v. Peterson*, 896

---

[7] Mixed into his argument concerning Trial Counsel's purported failure to request Tavarez's prior statements and to move for leave to inspect the grand jury minutes, Mr. Guerrero makes reference to the Government's obligation to produce exculpatory evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and impeachment evidence pursuant to *Giglio v. United States*, 405 U.S. 150 (1972). Mot. at 7-9. To the extent that Mr. Guerrero argues that the government failed to produce *Brady* and *Giglio* material, that challenge is procedurally barred and, at any rate, is without merit. Mr. Guerrero points to no specific evidence that was withheld by the government. *See Castillo v. United States*, No. 07-cv-2976, 2010 WL 3912788, at *6 (S.D.N.Y. Sept. 8, 2010) ("Petitioner's broad, conclusory claims that the Government failed in its duties . . . to produce 'all of the evidence that it gathered in its case, meaning, exculpatory and inculpatory evidence' are insufficient to support his claim of a constitutional violation."); *Skinner v. Duncan*, No. 01-cv-6656, 2003 WL 21386032, at *25 & n.39 (S.D.N.Y. June 17, 2003) (collecting cases and holding that conclusory, speculative allegations that the government failed to disclose evidence are insufficient to support a *Brady* violation); *Foy v. United States*, 838 F. Supp. 38, 42 (E.D.N.Y. 1993) (denying § 2255 motion based on *Brady* and Jencks Act violations where petitioner "fail[ed] to identify any specific document the government failed to produce").

F. Supp. 2d 305, 316 (S.D.N.Y. 2012) (Chin, J.) (internal quotation marks and citations omitted).

Here, Mr. Guerrero does not identify any specific facts that could have been discerned from further

investigation that would have aided in his defense, much less that would have undermined

confidence in the jury's verdict in light of the strength of the evidence presented to the jury as a

whole. Accordingly, his claim for ineffective assistance premised on a failure to conduct an

adequate investigation fails. *See Castellano v. United States*, 795 F. Supp. 2d 272, 279 (S.D.N.Y. 2011)

(rejecting ineffective assistance claim where petitioner failed to identify alternative evidence that, if

offered, "would have undermined confidence in the jury verdict"); *Abraham v. Lee*, No. 13-cv-2525

(RWS), 2014 WL 3630876, at *11 (S.D.N.Y. July 22, 2014) (rejecting ineffective assistance claim as

vague and conclusory where petitioner's claim for failure to investigate was "only a blanket

assertion"); *Powers v. Lord*, 462 F. Supp. 2d 371, 381-82 (W.D.N.Y. 2006) (holding that petitioner's

unsubstantiated claim of ineffective assistance based on counsel's alleged failure to adequately

investigate and call witnesses was "simply too vague and conclusory to state a proper ground for

habeas relief and, as such, must be dismissed").

### d. Failure to Adequately Impeach Tavarez

Mr. Guerrero's contention that Trial Counsel failed adequately to impeach and cross-

examine Mr. Tavarez, Mot. at 9-10, is similarly without merit. "Decisions about whether to engage

in cross-examination, and if so to what extent and in what manner, are . . . strategic in nature and

generally will not support an ineffective assistance claim." *Dunham v. Travis*, 313 F.3d 724, 732 (2d

Cir. 2002) (internal quotation marks and citation omitted). Mr. Guerrero does not provide a

sufficient justification to depart from that general rule. To the extent that he alleges that Trial

Counsel's cross-examination of Tavarez was deficient as it relates specifically to the New Rochelle

incident, Mr. Guerrero does not explain how Trial Counsel's failure to impeach Tavarez on that

testimony (which amounts to four pages in the trial transcript) prejudiced him in any significant way,

given the breadth of Tavarez's testimony in whole (which spans hundreds of pages in the trial transcript).

To the extent that Mr. Guerrero alleges that Trial Counsel failed adequately to impeach Tavarez more broadly, that assertion is also unsupported and is belied by the record. As the Second Circuit noted in its order affirming Mr. Guerrero's conviction, Trial Counsel attacked Tavarez's credibility "throughout trial." *Guerrero*, 541 F. App'x at 86. Trial Counsel spent several hours cross-examining Tavarez over the course of two days. Tr. 287-307, 325-58, 369-78. During cross-examination, Trial Counsel repeatedly attacked Tavarez's credibility by raising instances of lies and dishonesty on his part. *E.g.*, Tr. 291-95. Trial Counsel also engaged in an extensive attack on Tavarez's credibility by questioning him about the testimonial incentives created by his cooperation agreement with the Government. Tr. 287-91, 371-76. Further, Trial Counsel spoke at length about Tavarez's cooperation agreement and other factors relating to the credibility of his testimony during summation. Tr. 575, 585-89. In light of this extensive impeachment effort, Mr. Guerrero has failed to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and the "presumption that, under the circumstances, [counsel's] challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotation marks and citation omitted).

### e. Failure to File a Motion to Suppress Wiretap Phone Conversations

Finally, Mr. Guerrero claims that Trial Counsel was ineffective in failing to file a suppression motion in a timely manner before trial. Mot. at 9-10. However, the record shows that Trial Counsel did timely file a suppression motion, and that Judge Holwell denied it after a hearing. Dkt. Nos. 77-82, 87, 92, 94, 100, 117. Mr. Guerrero appears to further contend that Trial Counsel was ineffective for failing specifically to seek suppression of telephone conversations captured by a court-authorized wiretap. Mot. at 9. "[F]or purposes of effective assistance, not every possible motion need be filed,

but rather, only those having a solid foundation." *United States v. Nersesian*, 824 F.2d 1294, 1322 (2d Cir. 1987). "In order to show ineffective assistance for the failure to make a suppression motion, the underlying motion must be shown to be meritorious, and there must be a reasonable probability that the verdict would have been different if the evidence had been suppressed." *United States v. Matos*, 905 F.2d 30, 32 (2d Cir. 1990); *see also United States v. Cruz*, 785 F.2d 399 (2d Cir. 1986); *Cartagena v. United States*, 14-cv-9303, 10-cr-222 (RWS), 2015 WL 5669564, at *6 (S.D.N.Y. Sept. 25, 2015).

Mr. Guerrero's claim that Trial Counsel was ineffective for failing to seek suppression of the wiretap recordings is nothing more than a conclusory assertion that he asked Trial Counsel to file such a motion. Mot. at 9. He presents no legal basis for a challenge to the recordings, nor does he provide the Court with any basis to conclude that such a motion would have been meritorious and verdict-changing. As a result, this claim is denied.

### 2. Ineffective Assistance of Sentencing Counsel

Mr. Guerrero raises three grounds for the ineffectiveness of Sentencing Counsel. First, he argues that Sentencing Counsel was ineffective in "fail[ing] to recognize the use of the sentencing guidelines as advisory rather than mandatory." Mot. at 5. Second, he argues that Sentencing Counsel was ineffective in failing to object to the drug quantity and an aggravating role enhancement used to calculate his offense level under the Sentencing Guidelines. *Id.* Third, as a corollary to his second argument, Mr. Guerrero contends that Sentencing Counsel was ineffective in failing to object to Judge Holwell's reliance at sentencing on facts that had not been found by a jury beyond a reasonable doubt. Mot. at 5-6. None of these contentions suffice to establish ineffective assistance of Sentencing Counsel.

First, with respect to whether Sentencing Counsel understood that the Guidelines were advisory, rather than mandatory, the record clearly shows that he did. Sentencing Counsel filed a

detailed sentencing memorandum arguing for a sentence "far below the guideline range" (or, in the alternative, a downward departure from the Guidelines range) due to Mr. Guerrero's physical health conditions as well as numerous letters of support from family and friends. Dkt. No. 153. Sentencing Counsel annexed numerous affidavits and medical records as exhibits in support of the memorandum. *Id.* Indeed, Judge Holwell ultimately imposed a 240-month sentence, with a five-year period of supervised release, Dkt. No. 157—a sentence that was, as Judge Holwell noted, "substantially below the guideline range of 360 months." Sentencing Tr. 25:15.

Second, Mr. Guerrero takes issue with the quantity of drugs attributed to him and with the application of an aggravating role enhancement, pursuant to Section 3B1.1 of the Sentencing Guidelines, for his role as a leader or organizer of the narcotics conspiracy. Mot. at 3-4. These claims are belied by the evidence presented at trial. For example, as established at trial and as set forth in the PSR, Mr. Guerrero was responsible for distributing more than 2,000 kilograms of cocaine between 2003 and 2006—far in excess of the 150 kilograms required to trigger a base offense level of 38 under the Drug Quantity Table at § 2D1.1(c)(1) of the November 1, 2009 Guidelines Manual. Tr. 190-94, 206-09, 221-25; PSR ¶ 21, 26. In addition, the Government proved that Mr. Guerrero paid others to smuggle 20-30 kilograms of cocaine each week over a two-year period, resulting in part in the finding on cocaine quantity and the aggravating role enhancement. Tr. 206-15, 220-21, 224-25; PSR ¶ 14. Thus, any objection to Mr. Guerrero's offense level as calculated either in the PSR or by Judge Holwell would have been futile.

Rather than making futile objections to these determinations, Sentencing Counsel focused his efforts elsewhere; namely, on successfully arguing in his sentencing memorandum for a below-Guidelines sentence based largely on Mr. Guerrero's health. Such a strategic decision, particularly in the face of the substantial evidence presented in this case, is well within the ambit of "prevailing professional norms" and cannot form the basis of a cognizable claim of ineffective assistance. *See*

*Strickland*, 466 U.S. at 687-88; *see also United States v. Cohen*, 427 F.3d 164, 170 (2d Cir. 2005) (holding that the failure to raise an otherwise futile objection when no prejudicial error was made "could not have rendered counsel ineffective"); *Maldonado v. Burge*, 697 F. Supp. 2d 516, 541 (S.D.N.Y. 2010) ("The failure to make demonstrably futile arguments cannot constitute constitutionally ineffective assistance of counsel."). Moreover, because Mr. Guerrero offers no basis to believe that such an objection would have been successful, and everything in the record demonstrates that it would not have been, he also fails to satisfy the prejudice prong of *Strickland*.

Third, Mr. Guerrero contends that Sentencing Counsel was ineffective in failing to object to Judge Holwell's use at sentencing of facts not found by the jury beyond a reasonable doubt, which he contends is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Mot. at 5-6. Mr. Guerrero misapprehends the rule established in *Apprendi*. In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490 (emphasis added). The Second Circuit has considered the applicability of *Apprendi* to drug conspiracies charged under 21 U.S.C. §§ 841 and 846, as here, and that precedent shows that Judge Holwell's sentencing comported with *Apprendi*. *See United States v. Luciano*, 311 F.3d 146, 152-53 (2d Cir. 2002) ("Even if . . . not charged in the indictment or found by the jury, . . . drug . . . quantity may be used to determine the appropriate sentence so long as the sentence imposed is not greater than the maximum penalty authorized by statute for the offense charged in the indictment and found by the jury." (alterations in original) (citation omitted)). An *Apprendi* violation occurs when "the defendant is sentenced on the basis of a triggering fact not found by the jury to a sentence that exceeds the maximum that would have been applicable but for the triggering fact," but "[i]f the defendant's sentence is within the otherwise applicable maximum, no violation of *Apprendi* has occurred." *Id.* at 151. In other words, "drug quantity becomes an element of the offense under

§ 841 [or conspiracy under § 846] only where it may be used to impose a sentence above the applicable statutory maximum." *United States v. Richards*, 302 F.3d 58, 66 & n.5 (2d Cir. 2002). Otherwise, drug quantity is a sentencing factor, and "the constitutional rule of *Apprendi* does not apply." *Id.* at 66 (quoting *United States v. Thomas*, 274 F.3d 655, 664 (2d Cir. 2001). Here, Mr. Guerrero's sentence of 240 months did not exceed his statutory maximum sentence of life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A). Thus, no violation of *Apprendi* occurred.

Because the *Apprendi* rule was not implicated, Judge Holwell only needed to find the relevant drug quantity by a preponderance of the evidence. *See United States v. Rios*, 765 F.3d 133, 139 (2d Cir. 2014). As described above, the Government presented sufficient evidence at trial that Mr. Guerrero was responsible for distributing more than 2,000 kilograms of cocaine between 2003 and 2006. Tr. 190-94, 206-09, 221-256; PSR ¶ 21. That amount far exceeded the 150 kilograms required to trigger the base offense level of 38 that was applied to Mr. Guerrero at sentencing. U.S. Sentencing Guidelines Manual § 2D1.1(c)(1) (2009).

Thus, because the *Apprendi* rule was not implicated and because Government presented substantial evidence of drug quantity at trial, any objection concerning the determination of drug quantity would have been futile. The failure to make such a demonstrably futile argument cannot give rise to a successful claim of ineffective assistance of counsel. *See Cohen*, 427 F.3d at 170.

### 3. Ineffective Assistance of Appellate Counsel

As noted, Appellate Counsel raised two issues on appeal: (1) that Mr. Guerrero's constitutional and statutory speedy trial rights were violated, and (2) that the trial court erred in admitting certain evidence. *See* Appeal Dkt. No. 35. The Second Circuit rejected Mr. Guerrero's arguments on appeal and affirmed the District Court's judgment. *See Guerrero*, 541 F. App'x at 87 (specifically noting the "indisputably strong" case against Guerrero, including Tavarez's testimony, recorded conversations between Mr. Guerrero and his co-conspirators, and law enforcement

testimony concerning the seizure of a vehicle holding five kilograms of cocaine and belonging to Mr. Guerrero).  Mr. Guerrero's final *Strickland* claim alleges that Appellate Counsel was ineffective for several reasons, including failure to petition the Supreme Court for a writ of certiorari, failure to read the trial transcript and otherwise familiarize himself with the case, failure to challenge the sentencing calculation, and failure to challenge the admission of certain other allegedly prejudicial evidence at trial.  Mot. at 10-12.

It is well established that the constitutional right to effective assistance of counsel extends to a criminal defendant's first appeal.  *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Sellan v. Kuhlman*, 261 F.3d 303, 315 (2d Cir. 2001).  A claim of ineffective assistance of appellate counsel is measured under the same deferential analysis set forth in *Strickland. See Smith v. Robbins*, 528 U.S. 259, 288-89 (2000); *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994).  To establish constitutionally deficient performance of appellate counsel, "it is not sufficient for the habeas petitioner to show merely that counsel omitted a nonfrivolous argument, for counsel does not have a duty to advance every nonfrivolous argument that could be made."  *Mayo*, 13 F.3d at 533 (citation omitted).  "However, a petitioner may establish constitutionally inadequate performance if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker."  *Id.* With respect to the prejudice prong, a habeas petitioner must show that, "but for the deficiency, there is a 'reasonable probability' that the appellate result would have been different."  *Rodriguez v. Smith*, 485 F. Supp. 2d 368, 386 (S.D.N.Y. 2007) (Chin, J.) (citing *Aparicio*, 269 F.3d at 95); *see also Vargas v. United States*, 819 F. Supp. 2d 366, 383 (S.D.N.Y. 2011) ("In order to establish prejudice, a petitioner must show 'that there was a reasonable probability that [his] claim would have been successful' on appeal." (quoting *Mayo*, 13 F.3d at 534)).

As an initial matter, Mr. Guerrero's claim that Appellate Counsel's failure to file a petition for a writ of certiorari constituted ineffective assistance fails at the gate.  "[T]he right to effective

assistance of counsel is dependent on the right to counsel itself." *Pena v. United States*, 534 F.3d 92, 94 (2d Cir. 2008) (quoting *Evitts*, 469 U.S. at 396 n.7 (1985)). Because the constitutional right to counsel does not extend to certiorari review and other discretionary appeals, there can be no ineffective assistance claim for counsel's failure to file a certiorari petition. *Id.* at 94-96.

Mr. Guerrero also argues that Appellate Counsel "fabricated the brief of [his] direct appeal without reading this case." Mot. at 11. This allegation is unfounded, as evidenced by the numerous citations to both the trial and sentencing transcripts and to the PSR in Appellate Counsel's brief to the Second Circuit. Appeal Dkt. No. 35. That Appellate Counsel familiarized himself with Mr. Guerrero's case before filing his brief is further evidenced by the fact that Appellate Counsel appealed particular evidentiary rulings. *Id.*[8]

Mr. Guerrero's remaining arguments for ineffectiveness of Appellate Counsel fail, as well. As discussed earlier, there was no basis for Appellate Counsel to challenge the calculation of Mr. Guerrero's offense level under the Guidelines—including the drug quantity and his role in the conspiracy—since the calculation was not erroneous and, in any event, Judge Holwell imposed a below-Guidelines sentence. He also provides no basis to suggest that any evidentiary challenges that Appellate Counsel chose not to raise on appeal would have been stronger than those he did choose to raise. "[A]ppellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of

_____

[8] Mr. Guerrero attempts to support his argument that Appellate Counsel did not adequately familiarize himself with the case by pointing to the fact that Appellate Counsel argued on appeal that 168 days of non-excludable time had elapsed from indictment to trial, in violation of the Speedy Trial Act, when in reality, only 69 non-excludable days had elapsed. Mot. at 11. It is true that the Second Circuit found that only 69 days had elapsed, because Appellate Counsel had "omit[ted] from his calculation a number of oral orders excluding time that do not appear as individual entries on the district court's docket." *Guerrero*, 541 F. App'x at 83 n.3. On appeal, the Government supplied transcripts of various pre-trial proceedings to verify those oral exclusion orders. *Id.* Because some, but not all, Speedy Trial Act exclusion orders appeared on the district court docket as separate entries, the Court does not view Appellate Counsel's error as constitutionally deficient, particularly since it did not result in the forfeiture of a claim, but rather simply resulted in the denial of a claim. *See Morris v. Garvin*, No. 98-cv-4661 (JG), 2000 WL 1692845, at *3 (E.D.N.Y. Oct. 10, 2000) (stating that criminal defendants "are not entitled to error-free, perfect representation"). Furthermore, Mr. Guerrero provides no basis for the Court to conclude that Appellate Counsel's oversight with respect to the calculation of excluded time was symptomatic of a larger deficiency in representation.

success on appeal." *Robbins*, 528 U.S. at 288; *see also Mayo*, 13 F.3d at 533 (holding that, although appellate counsel need not raise every nonfrivolous issue on appeal. "a petitioner may establish constitutionally inadequate performance if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker"); *Vargas*, 819 F. Supp. at 383 (rejecting § 2255 petitioner's ineffective assistance of appellate counsel claims for failure to appeal the trial court's sentence and sentencing calculation where petitioner did not show that appellate counsel's claims on direct appeal were "clearly and significantly" weaker than those raised on collateral review).

In sum, Mr. Guerrero has failed to rebut "the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *see also Aiello*, 814 F.2d at 113 (stating that "[a]iry generalities" and "conclusory assertions" are not sufficient to raise genuine issues of material fact on § 2255 review). Therefore, his claims for ineffective assistance of appellate counsel are denied.

### B. District Court Evidentiary Error

Mr. Guerrero further claims that Judge Holwell erred in admitting Tavarez's testimony of a "particular incident in New Rochell[e]"[9] without adequately establishing personal knowledge of the facts in question, in violation of Federal Rule of Evidence 602. Mot. at 10. Mr. Guerrero also appears to argue that, during the same portion of his testimony, Tavarez offered lay opinion without identifying the basis for his opinion, in violation of Federal Rule of Evidence 701. *Id.* The government contends that this claim is procedurally barred because it was not raised on direct appeal, and in any event is without merit. The Court agrees. Because Mr. Guerrero did not raise this claim on direct appeal, he may not raise it in a § 2255 motion absent a showing of cause for failing to raise it on appeal and *actual* prejudice. *Zhang*, 506 F.3d at 166; *see Cephas v. Nash*, 328 F.3d

---

[9] The Court construes Mr. Guerrero's reference to this incident as pertaining to the one discussed at Tr. 241-44.

98, 107 (2d Cir. 2003) (barring § 2255 review of insufficient evidence claim where petitioner failed to raise it on direct appeal); *Avincola v. Stinson*, 60 F. Supp. 2d 133, 150-51 (S.D.N.Y. 1999) (holding petitioner's claim that trial court "improperly admitted evidence" was procedurally barred because "it could have been raised on appeal, but was not"). Because Mr. Guerrero makes no showing of cause and prejudice (including through ineffective assistance of Appellate Counsel, which the Court has already rejected), this claim is procedurally barred.

In any event, Mr. Guerrero's challenge would fail on its merits. Even assuming *arguendo* that the challenged testimony was admitted in error, that error would have been harmless. The challenged testimony constituted only a small portion of Tavarez's testimony, and it was a small fraction of the entirety of the evidence offered against Mr. Guerrero at trial, much of which corroborated crucial portions of Tavarez's testimony. *See United States v. Dukagjini*, 326 F.3d 45, 62 (2d Cir. 2003) (holding that improperly admitted portions of a witness's testimony was *de minimis* "in relation to the prosecution's formidable array of admissible evidence" and "did not have a 'substantial influence' on the jury's verdict"); *United States v. Ortiz*, 962 F. Supp. 2d 565, 574 (S.D.N.Y. 2013) (Chin, J.) ("Additionally, . . . any error in admitting the testimony would have been harmless.").

Because it is procedurally barred and is also without merit, Mr. Guerrero's claim for district court error is denied.

### C. Prosecutorial Misconduct at Trial

Mr. Guerrero's motion makes passing reference to the Government's "knowing use of false testimony." Mot. at 8-9. It is unclear whether Mr. Guerrero intended to raise a claim that the Government engaged in prosecutorial misconduct by knowingly offering perjured testimony by Tavarez at trial. To the extent that Mr. Guerrero did intend to raise that challenge, it is barred because he did not raise it on direct appeal. *See Zhang*, 506 F.3d at 166. Moreover, to the extent that

Mr. Guerrero intended to cloak the challenge in a claim for (or argue that the failure to raise the issue on appeal should be excused due to) ineffective assistance of counsel, the Court finds that such a challenge would fail on the merits. Mr. Guerrero provides no basis—other than his conclusory assertions—to believe that the Government knew of the purportedly false nature of the testimony. *See United States v. Romano*, 516 F.2d 768, 771 (2d Cir. 1975) (noting that § 2255 motion was properly denied without a hearing on prosecutorial misconduct grounds where petitioner relied only on conclusory allegations); *Gregg v. Scully*, 657 F. Supp. 257, 259 (S.D.N.Y. 1987) (denying habeas petition raising prosecutorial misconduct claim where petitioner merely made conclusory allegations).[10] Therefore, to the extent the Court liberally construes Mr. Guerrero's petition to raise a claim of prosecutorial misconduct, the Court finds these allegations to be without merit.

### D. The Conviction is "Void on its Face"

Finally, Mr. Guerrero asks the Court to vacate his sentence because the judgment pursuant to which he is confined is "void on its face." Mot. at 12-14. Mr. Guerrero refers to this claim as the "core" of his § 2255 motion. Mot. at 13. Liberally construing this claim, the Court interprets Mr. Guerrero to make two distinct, but related, arguments: (1) that the Government did not prove the requisite elements of the offense of which he was convicted; namely, that the Government was required to, but did not, prove that he conspired to manufacture narcotics, and (2) that he cannot be convicted under 21 U.S.C. § 846 for conspiracy if he is not convicted of an underlying, predicate offense. As with his claim of district court error, Mr. Guerrero's failure to raise this issue on direct appeal bars him from raising it here on collateral review. Even if the Court had grounds to excuse his procedural default, however, Mr. Guerrero's claim is completely without merit.

In his first argument, Mr. Guerrero contends that, while the Government proved possession

---

[10] Although Mr. Guerrero does provide specific citations to excerpts from Tavarez's testimony for the Court's consideration, those excerpts show, at best, minor inconsistencies between different portions of his testimony or between his testimony and other evidence that was admitted at trial. Those inconsistencies were well within the jury's purview to consider and weigh, and they do nothing to suggest misconduct on the Government's part.

and distribution at trial, it was required to prove "all 3 elements of manufacturing, possession and distributing/dispensing to provide for obtaining a valid conviction." Mot. at 13. That is not so. Section 841(a) provides in relevant part that:

> Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—
>
> (1) to manufacture, distribute, *or* dispense, *or* possess with intent to manufacture, distribute, or dispense, a controlled substance . . . .

21 U.S.C. § 841(a) (emphasis added). Mr. Guerrero's argument rests on the misreading of a conjunction. The Government needed only to prove that Mr. Guerrero conspired to do one of the six things named in § 841(a)(1).

In his second argument, Mr. Guerrero asserts that "the 21 USC 841 charges were dismissed. Solely leaving the 846 to stand." Mot. at 12. He then proceeds to argue that his conviction is invalid because § 846 "has no penalty provision," that it "expressly provides for a predicate offense to activate its penalty provisions," and that it "has express language that completely and conclusively establishes that it is not a 'STAND ALONE' statute but one in which is dependent upon another section's penalty provision to activate and enforce it legally and as congressionally intended." Mot. at 13. He is wrong on both counts.

Mr. Guerrero was convicted of participating in a conspiracy, in violation of 21 U.S.C. § 846, whose object was to distribute narcotics in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A). Tr. 626 (jury charge); Dkt. No. 157. This is an entirely valid charge and conviction. While Mr. Guerrero is correct that § 846 "is dependent upon another section's penalty provision," he is not correct about the effect of that interdependence. Section 846 provides that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." Simply put, § 846 provides that a defendant is subject to the same penalties

regardless of whether he manufactured/distributed/dispensed/possessed narcotics, or whether he attempted to or conspired to do any of those things. And while a conviction for conspiracy pursuant to § 846 does require proof that a defendant committed an overt act in furtherance of the conspiracy, *see United States v. Monaco*, 194 F.3d 381, 386 (2d Cir. 1999), it does not require a separate conviction for a predicate offense.

Because Mr. Guerrero is procedurally barred from raising his claim that his conviction is "void" and, in any event, it is without merit, that claim is denied.

## IV. AN EVIDENTIARY HEARING IS NOT REQUIRED

As described earlier in this opinion, Section 2255(b) requires a district court to hold an evidentiary hearing on a petitioner's claims "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No hearing is required here, because Mr. Guerrero's motion and the files and records of the case conclusively show that he is entitled to no relief.

In determining whether an evidentiary hearing is required, the Second Circuit has instructed:

> When considering a § 2255 habeas application the supporting affidavits must be examined first. Opposing affidavits should also be considered in order to test the sufficiency of the petitioner's allegations, but not for finding them false. Not every application that is supported by a set of facially meritorious allegations will survive a motion to deny the writ. To warrant plenary presentation of evidence, the application must contain assertions of fact that a petitioner is in a position to establish by competent evidence. Whether there is a genuine issue of material fact depends upon the sufficiency of those factual allegation. Airy generalities, conclusory assertions and hearsay statements will not suffice because none of these would be admissible at a hearing. Hence, like a motion for summary judgment in civil cases, both the petitioner's and government's affidavits—taken together—are used to determine the existence of genuine issues of material fact. If the affidavits disclose such material issues, then the application will survive a motion to dismiss and a contrary ruling the summarily disposes of the petition is error.

*Aiello*, 814 F.2d at 113-14 (internal citations omitted). If, on the other hand, a § 2255 motion is not "supported by a sufficient affidavit, the decision whether to hold an evidentiary hearing . . . is left to

the discretion of the district court." *United States v. Aiello (Aiello III)*, 900 F.2d 528, 534 (2d Cir. 1990) (citing *Newfield v. United States*, 491 F.2d 758, 760 (2d Cir. 1977)).

As the foregoing analysis demonstrates, Mr. Guerrero's motion does not contain even facially meritorious factual allegations. Moreover, he submitted no affidavit or other forms of evidence with his motion, and the allegations he includes in the motion itself are either "[a]iry generalities" and "conclusory assertions" of the type that would not suffice even in an affidavit, or would not entitle him to relief, even if true. As a result, he has raised no genuine issues of material fact that would warrant an evidentiary hearing. *See, e.g. Alamo v. United States*, No. 88-cv-4642, 1989 WL 28434, at *2 (S.D.N.Y. Mar. 17, 1989) (denying § 2255 motion without a hearing because "it is clear from Alamo's petition that it is void of facially meritorious allegations. No affidavit, much less a sufficient one, was ever submitted, nor was there factual allegation asserted to support petitioner's claims. . . . The court is unable to detect any genuine issue of material fact to warrant further exploration of this claim." (internal quotation marks and citation omitted)).

## V.    CONCLUSION

For the reasons described above, Mr. Guerrero's motion to vacate, set aside, or correct his conviction and/or sentence pursuant to 28 U.S.C. § 2255 is DENIED in its entirety without a hearing.

The Clerk of Court is directed to terminate the motion pending in Case No. 1:07-cr-00248-GHW at Dkt. No. 183 and to close Case No. 1:15-cv-07282-GHW. The Court will mail a copy of this order to Plaintiff, along with all unreported decisions cited herein.

SO ORDERED.

Dated:  April 20, 2017
New York, New York

_____
GREGORY H. WOODS
United States District Judge